GARRISON, Judge.
Plaintiffs, Enrique L. Dabdoub[1] and Henry S. Dabdoub, Sr., brought this suit against the heirs of Louis S. Dabdoub, Sr. and Lucille Hall Dabdoub, asking that plaintiffs be recognized as the true owners of certain immovable property located at 6975 Canal Boulevard in New Orleans. Henry S. Dabdoub, Sr. acquired total ownership of this property on September 14, 1962 from the Globe Homestead Association. He then allowed his brother, the late Louis S. Dabdoub, Sr., and his brother’s family to live on this property.
On July 12, 1973, Henry S. Dabdoub, Sr. authorized his sister, Sarah Dabdoub, to act in his behalf by virtue of a power of attorney in a transaction in which Henry Dabdoub obtained a loan from Globe Homestead Association. This loan, which was secured by the property in question, was to be made in the customary sale and resale form according to the power of attorney. This loan transaction was recorded on July 17, 1973. In April, 1980, when Henry Dabdoub paid off the loan, he received papers from the homestead which indicated that in the act of resale from the homestead, the name of Louis S. Dabdoub, Sr. was added as an owner along with Henry S. Dabdoub. In judgments of possession rendered later in the successions of Louis S. Dabdoub, Sr. and Lucille Hall Dab-doub, their heirs asserted an adverse claim of ownership to this property.
*282 In this lawsuit, the plaintiffs asked to be recognized as the sole owners of this property, to have the succession judgments previously mentioned amended and corrected to eliminate the subject real estate and to have the act of sale dated July 17, 1973 corrected to eliminate the name of Louis S. Dabdoub, Sr. as an undivided owner. The defendants then filed the peremptory exception of prescription claiming that more than ten years had elapsed since the act of sale of July 17, 1973 was recorded and that plaintiffs had only ten years from that date to bring an action to set aside a document executed by a power of attorney.[2]
After a trial on the merits, the trial judge denied the defendants' exception of prescription and entered judgment in favor of the plaintiffs. In this judgment, the plaintiffs were recognized as the legal owners of the immovable property in question and the act of sale dated July 17, 1973 was declared an absolute nullity insofar as the transfer to Louis S. Dabdoub, Sr. was concerned. Additionally, the trial judge ordered that the judgments of possession in the successions of Lucille H. and Louis S. Dabdoub, Sr. be amended to eliminate all reference to any ownership of the above-mentioned property. The defendants were ordered to pay all costs and the fee of the expert witness. Defendants now appeal this judgment.
In defendants’ first specification of error, they contend that the trial judge erred in denying their exception of prescription. Defendants argue that because the plaintiffs are essentially attacking the authority of Henry S. Dabdoub, Sr.’s agent, Sarah Dabdoub, to allow the name of Louis S. Dabdoub, Sr. to appear on the title, this action has prescribed according to the terms of LSA-R.S. 9:5682 (See footnote 2). This contention is not the central issue of this case.
The real question in this lawsuit is whether or not the defendants have acquired this property through acquisitive prescription of ten years. According to Louisiana Civil Code Article 3475, the requisites for the acquisitive prescription of ten years are: possession of ten years, good faith, just title, and a thing susceptible of acquisition by prescription. The trial judge in this case concluded that the defendants failed to establish their prescriptive title to the property in question. We agree with this conclusion.
The transfer of a one-half interest in this property to Louis Dabdoub, Sr. was obviously an error which was not brought to Henry Dabdoub's attention until 1980. Testimony at trial indicates that Henry Dabdoub sent checks to Louis Dabdoub, Sr. with which he made Henry Dabdoub’s payments to Globe Homestead. The Homestead erroneously concluded that Louis Dabdoub, Sr. was also an owner of this property and Sarah Dabdoub, attorney-in-fact for Henry Dabdoub in this transaction, did not notice this error. Therefore, it can hardly be said that this series of errors which resulted in Louis Dabdoub, Sr.’s name being listed as an owner of this property conveyed just title to him or to his heirs. The trial judge correctly concluded that this purported sale was an absolute nullity. Additionally, the testimony at trial does not support the theory that the defendants could have believed in good faith that this property was partially owned by their late father. The record indicates that *283 the parties involved knew or should have known that Henry Dabdoub, Sr. had purchased the property and allowed his brother’s family to reside thereon. Louis Dab-doub, Jr.’s testimony that Henry Dabdoub told him that the property was a gift to Louis Dabdoub, Sr.’s family is uncorroborated.
The trial judge was required to make many credibility determinations due to the self-serving testimony elicited from both parties and there is no evidence in the record which indicates that the trial judge abused his discretion in making those determinations. Thus, there does not appear to be any manifest error on the part of the trial judge in denying defendants’ exception of prescription or in finding that the defendants did not acquire this property through ten year acquisitive prescription or through a donation of any kind.
In the defendants’ second specification of error, they allege that the trial court erred in refusing to exclude certain evidence. Defendants objected to the introduction at trial or through proffers of the report and opinion of Mr. Alvin E. Hughes, an expert in real estate law, of the copy of a letter from the late Lucille Dabdoub to Henry S. Dabdoub and of the checks of Banco Inter-nacional, S.A. to Globe Homestead Association. The basis of this objection was that the testimony, not the report, of Mr. Hughes was the best evidence and that the originals, not the copies, of the letter and checks were the best evidence. The defense argues that the above-mentioned evidence should not be considered in this case.
The record does not indicate that the trial judge considered any of the objectionable evidence mentioned above in arriving at his conclusion. The judge repeatedly told the plaintiff’s attorney that these photocopies could be offered as a proffer or that the originals could be offered into evidence if produced immediately after the trial. Without reliance on any of that evidence, the record clearly shows that Henry Dab-doub, Sr. did not intend to divest himself of any ownership of this property either through the act of resale by his power of attorney or through any type of donation. Because no consideration was ever paid to Henry Dabdoub, Sr. from Louis Dabdoub, Sr. for this property, either through rental payments or otherwise, it cannot be concluded that the heirs of Louis and Lucille Dabdoub can now assert a claim to this property simply because of an unfortunate mistake made by Globe Homestead in naming Louis L. Dabdoub, Sr. as an undivided owner of a one-half interest in this property.
Finally, the defendants claim that the trial court’s judgment recognizing the plaintiffs as the legal owners of the subject property is contrary to the law and evidence. As stated previously, the trial judge was in the position to evaluate the credibility of the witnesses in this case. Because a review of the entire record supports the conclusions of the trial judge, there is no manifest error on his part.
For the reasons stated above, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendants.
AFFIRMED.

. Enrique L. Dabdoub is a plaintiff in this lawsuit because on April 29, 1981, he acquired an undivided one-half (½) interest in this property in trust for Krytzia Dabdoub from Henry S. Dabdoub, Sr.

. LSA-R.S. 9:5682 states as follows:
Any action to set aside a document or instrument, which contains a statement that a power of attorney is attached thereto, on the ground that the party executing the document or instrument under authority of the power of attorney was without authority to do so, or that the power of attorney was not valid, is prescribed by ten years, beginning from the date on which the document or instrument is recorded in the conveyance records, or the mortgage records if appropriate, even though the power of attorney is not actually attached to the recorded document or instrument. Nothing contained in this Section shall be construed to limit or prescribe any action or proceeding which may arise between a principal and the person acting under authority of a power of attorney. The prescription established herein shall not become final and complete as to any document or instrument executed prior to the effective date of this Act until one year from such effective date.